## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUREVICH and ELENA GUREVICH, on behalf of themselves and all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| ) | No. 1-11-cv-1890 |
| v. ) ) ) | |
| ) | Hon. Sharon Johnson Coleman |
| COMPAGNIA AEREAS ITALIANA, ) SPA d/b/a ALITALIA AIRLINES, ) ) | |
| Defendant. ) | |

## ORDER

Plaintiffs Michael and Elena Gurevich claim that their airline tickets incorporated contractual agreements to pay them if their scheduled flights were canceled, and that their carrier, defendant Compagnia Aereas Italiana, Spa (Alitalia), breached those agreements by failing to pay them any compensation after canceling two flights between Chicago and Rome. Alitalia moves to dismiss the complaint for failure to state a claim for relief, and argues that the document on which the plaintiffs rely was not a part of the contractual relationship between the parties. Because Alitalia's motion is based upon a tariff whose validity is disputed by the plaintiffs and is properly determined by the Department of Transportation, the court grants the motion without prejudice and stays further proceedings in this action to permit the plaintiffs to seek administrative review of the tariff.

Background

For purposes of Alitalia's motion, the court accepts as true the factual allegations of the plaintiffs' complaint. Michael and Elena Gurevich bought confirmed tickets from Alitalia for travel between Chicago and Rome in April 2009. One day before the scheduled Chicago-to-Rome leg of the trip, Alitalia canceled the flight, and the plaintiffs instead departed one day later than planned. On the day of the scheduled return from Rome to Chicago, Alitalia canceled the flight, and the plaintiffs were again required to postpone their travel for one day.

The plaintiffs' tickets included a statement of the conditions of their contract with Alitalia, and that statement incorporated by reference the airline's "General Conditions of Carriage." Those general conditions provided that in accordance with European Community regulations, Alitalia would pay compensation to passengers with confirmed reservations if their flights were canceled without sufficient notice and not replaced by alternative arrangements near the time of the originally scheduled flight. Both the EC regulations referenced and the Conditions of Carriage specified payments of EUR 250 for flights of 1500 kilometers or less; EUR 400 for intra-EC flights of more than 1500 kilometers and other flights between 1500 and 3500 kilometers; and EUR 600 for all other flights. The regulations and conditions provided for some reduction in these payments if the delayed ticketholders were offered alternative flights that were not sufficiently close to the time of the canceled travel. The plaintiffs were not paid any compensation as a result of the cancellation of their flights.

The parties do not dispute that at the time of the plaintiffs' ticket purchases, Alitalia had filed with the Department of Transportation a tariff that provided that its services were performed subject to its conditions of carriage "Except in transportation between a place in the

2

United States and any place outside thereof." Alitalia asserts that this tariff was not rejected by the Department, and this assertion is not contradicted by the plaintiffs.

The plaintiffs filed a one-count complaint for breach of contract, alleging that Alitalia's failure to pay them breached the compensation regulations incorporated into the General Conditions of Carriage in their agreements. The complaint made allegations on behalf of a proposed class of Alitalia ticketholders who were similarly delayed without compensation.

Alitalia's Motion To Dismiss

Alitalia seeks dismissal of the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Its argument is simple: it contends that the Conditions of Carriage upon which the plaintiffs base their contractual argument were inapplicable to their travel.

Alitalia asserts that it was obliged by 49 U.S.C. § 41504(a) to file with the Department of Transportation tariffs describing the prices and rules for its flights between the United States and non-domestic locations. A validly filed tariff has the force and effect of a statute, and is binding on passengers and shippers even if its terms are not included in their transportation documents. *St. Paul Insurance Co. v. Venezuelan International Airways, Inc.,* 807 F.2d 1543, 1548 (11th Cir. 1987); *Tishman & Lipp, Inc. v. Delta Air Lines,* 413 F.2d 1401, 1403-04 (2d Cir. 1969). As noted above, Alitalia's tariff provided that its conditions of carriage did not apply to transportation between domestic locations and places outside the United States. The clear impact of the tariff is that the conditions upon which the plaintiffs base their contract claim did not apply to their tickets.

The plaintiffs argue that neither their tickets nor the Conditions of Carriage gave any notice that the Conditions were inapplicable to flights between the United States and non-

domestic locations. But it is well-settled that a valid tariff's terms are ultimately binding even when the traveler has no notice of their provisions and even when they conflict with the traveler's contract of carriage. *Fontan-de-Maldonado v. Lineas Aereas Costarricenses,* 936 F.2d 630, 631-32 (1st Cir. 1991); *United States v. Edwards,* 602 F.2d 458, 462 (1st Cir. 1979). The plaintiffs also argue that the impact of an airline's tariff filings has been lessened by the deregulation of the airline industry. However, the court notes that the precedents and arguments cited by the plaintiffs in support of this position relate to domestic air travel no longer impacted by tariff-filing requirements, not to international travel, where the requirements and their significance remain undiminished.

Finally, the plaintiffs contend that the tariff upon which Alitalia relies was not valid because the airline did not comply with Department of Transportation rules regarding its filing and public posting. See 14 CFR § 221.100. The validity of a tariff must be contested in the first instance before the Department of Transportation, not in the District Court. *Montgomery v. American Airlines, Inc.,* 637 F.2d 607, 610 (9th Cir. 1980). When the issue of the validity of a tariff is potentially dispositive of a contract action, a court, on its own motion, may stay the action and defer resolution of the issue to an administrative body with oversight of the subject. *Fontan-de-Maldonado,* 936 F.2d at 632.

Since a tariff's acceptance by the Department of Transportation creates a presumption of its validity here, this court concludes that, as an initial matter, the tariff relied upon by Alitalia must be held to defeat the plaintiffs' claims, and Alitalia's motion to dismiss is therefore granted. However, the dismissal is without prejudice to their right to file an amended complaint which either follows a ruling invalidating the tariff or asserts a cause of action that avoids its impact.

Proceedings in this matter are stayed until further order of court.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss for failure to state a claim for relief [14] is granted without prejudice. Proceedings herein are stayed until further order of court.

So ordered.

January 17, 2012

_____
Sharon Johnson Coleman
District Judge

5