IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUREVICH, ELENA GUREVICH, JAMES GENDEN, and ALMA KOPPERDRAUER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPAGNIA AEREAS ITALIANA, SPA, d/b/a ALITALIA AIRLINES,<br><br>Defendant. | No. 11-cv-1890<br><br>Judge Sharon Johnson Coleman |

**ORDER**

Defendant Compagnia Aereas Italiana, SpA, doing business as Alitalia Airlines, asks this court to reconsider the denial of its motion to dismiss plaintiffs' complaint. For the reasons detailed below, Alitalia's motion is granted.

Plaintiffs seek relief for violations of European Union Regulation EC 261, which obliges airlines to pay specified compensation for delayed flights and denied boarding. Their complaint alleges that they held confirmed reservations on two Alitalia flights that were each delayed a day, and that the airline did not give them the required compensation. Count I of their complaint alleged that Alitalia's failure to compensate them was a breach of contract; that count was previously dismissed and is not at issue here. Count II of the complaint alleged that EC 261 created a direct and enforceable right of action independent of any obligation imposed by contract law. Alitalia moved to dismiss Count II for failure to state a claim for relief, that motion was denied, and the airline now seeks reconsideration of that denial.

Alitalia contends that EC 261, by its own terms, does not create a right of action in United States courts. This argument was not raised in the airline's motion to dismiss or reply, which asserted that the regulation was unenforceable because of preemption by the Airline Deregulation Act and the Montreal Convention international air travel treaty, and which also argued that this court should decline to grant relief to plaintiffs as a matter of international comity. An argument

not raised prior to a motion for reconsideration is generally deemed to be waived. *Mungo v. Taylor,* 355 F.3d 969, 978 (7th Cir. 2004). However, a district court retains broad discretion to review and revise its interlocutory orders despite any such waiver. See *Solis v. Current Development Corp.,* 557 F.3d 772, 780 (7th Cir. 2009), *Santamaria v. Sears, Roebuck & Co.,* 466 F.3d 570, 571 (7th Cir. 2006). In the court's view, reconsideration is appropriate here.

If a foreign law or regulation does not express an intention that its provisions be enforceable in United States courts and there has been no domestic legislation enabling such enforcement, our courts presume that the foreign provision creates no right of action here. *McKesson Corp. v. Islamic Republic of Iran,* 539 F.3d 485, 488-90 (D.C. Cir. 2008). Other courts in this district have observed that the language of EC 261 refers only to enforcement of its provisions in European Union member states. *Volodarskiy v. Delta Air Lines, Inc.,* 2013 WL 5645776 at *4-*5 (N.D. Ill. Oct. 16, 2013), *Lozano v. United Continental Holdings, Inc.,* 2013 WL 5408652 at *4 (N.D. Ill. Sept. 26, 2013). The court finds these observations of the regulation's language to be persuasive, and finds no basis for a determination that enforcement of EC 261 here was intended by its drafters or authorized by domestic law.

The court finds that EC 261 does not create a direct right of action in United States courts that is independent of any contractual obligation. Alitalia's motion for reconsideration is accordingly granted. Its motion to dismiss plaintiffs' complaint is granted in its entirety.

So ordered.

March 18, 2014

Sharon Johnson Coleman
District Judge

2